IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CV-148-FL

| | |
|---|---|
| DAVID R. CORBIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | |
| ) | ORDER AND MEMORANDUM |
| CHIEF JUSTICE LYNN JOHNSON, ) | AND RECOMMENDATION |
| CHIEF JUSTICE ELIZABETH KEEVER, ) | |
| JUDGE KIMBERLY TUCKER, JUDGE ) | |
| ABRAHAM JONES, ELLEN HANCOCK, ) | |
| and DAWN DRIGGERS, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court for review of Plaintiff David R. Corbin's *pro se* application to proceed *in forma pauperis* and his complaint pursuant to 28 U.S.C. §§ 1915(a)(1), (e)(2)(B). [DE-1, 1-1]. In the view of this court, Plaintiff has demonstrated sufficient evidence of the inability to pay the required court costs. Accordingly, this court ALLOWS Plaintiff's motion to proceed *in forma pauperis*. However, for the reasons set forth below, this court RECOMMENDS that the complaint be DISMISSED.

### I. PLAINTIFF'S COMPLAINT[1]

Plaintiff is a North Carolina resident and has filed suit complaining of "discrimination against the rights of low income persons." Compl. [DE-1-1] at 2. The alleged basis of the court's subject matter jurisdiction over the alleged dispute is "civil rights." *Id.* Plaintiff has

---

[1] In his complaint Plaintiff refers to a diagram showing the "misconduct of our court system and how it protects the defendant from any misconduct that they do to discriminate against low-income [p]ro-se victims." [DE-1-1] ¶ 9. No diagram or any other exhibit is included with the papers Plaintiff has submitted to this court.

named as Defendants to this federal court action Judge Lynn Johnson, Judge Elizabeth Keever, Judge Kimberly Tucker, of the Cumberland County Court, Judge Abraham Jones of the Wake County Court, Ellen Hancock of the Cumberland County Court and Dawn Driggers of the Fayetteville Metropolitan Housing Authority ("Housing Authority").[2] *Id.* Plaintiff seeks punitive damages in the amount of $75,000.00 against each Defendant and compensatory damages in the amount of $75,000.000.000.00. *Id.* at 4.

Plaintiff's complaint arises from the alleged violation of his civil rights by the "misconduct of our court system in the discrimination against low income pro se" persons by judges, district attorneys, court staff, the Housing Authority and "surrounding agencies employed by the city and state." [DE-1-2] ¶¶ 1, 2. Plaintiff complains further about the North Carolina Bar Association, the Social Services Departments of Bladen and Cumberland counties and the courthouses of Wake, Bladen and Cumberland counties. *Id.* ¶ 3.

Plaintiff alleges that he is a low-income single parent and "the Cumberland County Social Services ("DSS") and Cumberland County Schools have conspired together to have certain low-income single parent's children to attack them." *Id.* ¶ 4. According to the complaint, DSS and Cumberland County Schools "ask the children to find family members to hide them so that they can quit school." *Id.* ¶ 5. DSS has removed children from the custody of their parents which has in turn caused parents to lose their home. *Id.* ¶¶ 6, 7. Plaintiff alleges also that this resulted in the death of an individual in 1997 and several attempts on his life since 1995. *Id.* ¶ 7. Plaintiff alleges further that on January 6, 2009, DSS "falsified a document to protect the school" and

---

[2]Neither Hancock's role with the Wake County Court nor Driggers' role with the Housing Authority is identified in the complaint. No factual allegations have been made specifically against either Defendant.

2

appointed Attorney Brown ("Brown") to represent Plaintiff. *Id.* ¶ 10. According to Plaintiff, Brown ignored Plaintiff's case unless DSS "needed more information." *Id.* ¶ 11. Brown was also responsible for an "attack" on Plaintiff's witness and assaulted Plaintiff. *Id.* ¶¶ 11, 12. Plaintiff subsequently filed a grievance against Brown for misconduct with the North Carolina State Bar. *Id.* ¶ 13. During the state bar investigation, Brown "had the time and opportunity to harass other low-income victims and he became more intimidating and used different agencies." *Id.* ¶ 15. The complaint includes the statement "Title 18 USC Section 241 conspiracy against [r]ights." *Id.*

On July 29, 2009, Plaintiff filed a lawsuit in state court in Wake County against Brown ("state court action"). *Id.* ¶¶ 16, 18. According to Plaintiff, Brown failed to file a motion in the state court action within "20-30 days" and Plaintiff filed a "motion to go forward" on August 28, 2009. *Id.* ¶¶ 18, 19. Plaintiff was informed by the Wake County Trial Court Coordinator that Plaintiff must "show a copy of the certificate of service," which was shown on September 1, 2009, at which time Brown had made no filings in the case. *Id.* Brown's attorney, Gene Tanner ("Tanner"), mailed a letter on September 2, 2009, which Plaintiff describes as a "violation that a document was falsified on August 26, 2009." *Id.* ¶¶ 20, 24. Plaintiff advised the Trial Court Coordinator of these "changes in events" and she advised "it was to be brought before a judge on October 26, 2009." *Id.* ¶ 22. Plaintiff's motion was not heard by the court on that date, which Plaintiff attributes to Tanner's influence. *Id.* The Trial Court Coordinator advised Plaintiff she did not know the reason Plaintiff's motion was not heard, but that motion would be rescheduled to be heard by the court on November 16, 2009. *Id.* ¶ 23. Tanner filed a motion to change venue after Plaintiff's motion had been filed; Tanner's motion was scheduled on the court's November

16, 2009 calendar rather than Plaintiff's motion. *Id.* ¶ 24.

At the November 16, 2009 hearing before Judge Jones in Wake County Superior Court, Plaintiff attempted to argue his "motion to go forward," but Judge Jones told Plaintiff the court could only hear the motion to change venue. *Id.* ¶ 27. Plaintiff alleges the Trial Court Coordinator had deliberately planned this action. *Id.* Both Brown and Plaintiff made their respective motions before the court and Judge Jones "stated that he would assure []Plaintiff [] that the judge in this matter would not be a Cumberland County court official." *Id.* ¶ 28. The judge also told Plaintiff that Plaintiff would get a jury trial. *Id.* Plaintiff asked Judge Jones "to keep out the Head of Chief District Court Honorable Judge Elizabeth Keever." *Id.* ¶ 29 Judge Jones advised that the "motion would be sent on November 24, 2009." *Id.*

Thereafter, Plaintiff attempted to telephone the Trial Court Coordinators in Wake County to ensure that "the change of venue was to stay in Wake County" but his calls were ignored. *Id.* ¶ 31. The "Cumberland County Courthouse called the filing clerk and Mrs. Kim stated that there was no file for David Corbin v. Attorney William Brown." *Id.* Plaintiff alleges that "[b]ecause of the misconduct of Wake and Cumberland County Courthouses the plaintiff filed two motions: Motion to award settlement and Objections to Memorandum and Recommendation file, case number 09CVS11256/09CVD14482." *Id.* ¶ 32.

Plaintiff asked Judge Johnson to make an audio recording of the proceedings which Judge Johnson denied. *Id.* ¶ 33. According to Plaintiff, the Housing Authority evicted him from his "low-income" apartment in a "bogus technicality" and has repeatedly harassed him from August 19, 1998 until his eviction in September 2010. *Id.* ¶ 34. Additionally, according to Plaintiff, the Housing Authority manipulated Judge Tucker into intimidating Plaintiff "by denying the

presentation of evidence in the proceedings," evidence which would have shown the Housing Authority was "abusing its power and crippling the low-income citizens." *Id.* ¶ 35.

## II. STANDARD OF REVIEW

Where a plaintiff has obtained leave to proceed *in forma pauperis*, the court must conduct a review of the plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2). Under this statute, a district court must dismiss all or any part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *Michau v. Charleston County, S.C.*, 434 F.3d 725, 728 (4th Cir. 2006); *Cochran v. Morris*, 73 F.3d 1310, 1315–16 (4th Cir. 1996) (discussing *sua sponte* dismissal under predecessor statute 28 U.S.C. § 1915(d)). A case is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'"). In addition, in order to state a claim on which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level...." *Twombly*, 550 U.S. at 555. While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Id.* In the present case, Plaintiff is proceeding *pro se and* pleadings drafted by a *pro se* litigant are held to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). This court is charged with

5

liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See id.*; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Noble v. Barnett*, 24 F.3d 582, 587 n. 6 (4th Cir. 1994). However, the principles requiring generous construction of *pro se* complaints are not without limits; the district courts are not required "to conjure up questions never squarely presented to them". *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Adhering to the principle that *pro se* pleadings should not be held to the same stringent standards as those of attorneys, this court has construed liberally the allegations contained in Plaintiff's complaint. However, even affording Plaintiff a deferential examination of the allegations, this court finds that his claims must be dismissed for failing to state a claim for which relief may be granted. Plaintiff's complaint is marked by a lack of specificity and clarity, making it difficult to ascertain the precise nature of his claim. In fact, many of the factual allegations in the complaint touch upon entities or individuals whom Plaintiff has failed to include as a defendant to this lawsuit.[3] The court has therefore limited its analysis to those parties Plaintiff has named as a Defendant.

In that regard, Plaintiff's allegations focus on the state court action and Plaintiff's perceived unfairness of that proceeding. In particular, Plaintiff complains that the Wake County Trial Court Coordinator sabotaged a motion Plaintiff filed when the motion was inexplicably not calendared to be heard by the state court judge. Plaintiff has alleged however that the motion

---

[3] The complaint contains allegations concerning the following entities or persons Plaintiff has failed to name as defendant to this instant lawsuit: DSS, Cumberland County Schools, Brown, Tanner, Wake County Courthouse and Cumberland County Courthouse.

was in fact ultimately heard by the court. [DE-1-2] ¶ 28. Plaintiff appears to allege that his civil rights were violated further when his case was allegedly manipulated by the court or clerk in Wake and Cumberland counties regarding the status of the state court action. Plaintiff alleges further that he has been harassed and evicted by the Housing Authority on a "bogus technicality" but has failed to identify how eviction was unlawful and how the Housing Authority manipulated the court system to harass him.

Construing Plaintiff's claims liberally as claims of civil rights violations by government officials, Plaintiff's claims arise under 42 U.S.C. § 1983. *See Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 735 (1989) ("[T]he express 'action at law' provided by § 1983 for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws,' provides the exclusive federal damages remedy for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor") (citation omitted); *see West v. Atkins*, 487 U.S. 42, 49 (1988) ("[S]tate employment is generally sufficient to render the defendant a state actor") (citation omitted); *Monell v. Dep't of Soc. Srvcs. of New York*, 436 U.S. 658, 690 (1978). Section 1983 imposes liability on anyone who, under the color of state law, deprives a person "of any rights, privileges, or immunities secured by he Constitution and laws." 42 U.S.C. § 1983. However, section 1983 is not a "source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Lambert v. Williams*, 223 F.3d 257, 260 (4th Cir. 2000) (citations omitted). Thus, to state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under the color of state law.

*West*, 487 U.S. at 49-50. Plaintiff's complaint fails to identify a federal right guaranteed by the federal constitution or laws of the United States.

Additionally, within the complaint, Plaintiff has cited to Title 18 U.S.C. § 241, without including any supporting factual allegations. To the extent Plaintiff seeks to assert a claim under this federal statue, such claims must be dismissed, as this federal criminal statue does not authorize a private right of action. *See Johnson v. Thomas*, No. 4:10-CV-151-BR, 2011 WL 1344008, at *5 (E.D.N.C. Apr. 8, 2011) (citing *Shahin v. Darling*, 606 F. Supp. 2d 525, 538 (D. Del. 2009)(dismissing civil claims brought by plaintiff pursuant to 18 U.S.C. § 241 and § 242 because neither criminal statute authorizes a private cause of action) (subsequent citations omitted). In addition, Plaintiff has failed to allege facts from which the court could reasonably conclude that any defendant named in this action committed the crimes defined by 18 U.S.C. § 241. *See id.*

Finally, to the extent Plaintiff seeks recovery based on the alleged actions of Defendant Judges Johnson, Keever, Tucker and Jones, these Defendants enjoy absolute judicial immunity under the facts alleged in the complaint. *See e.g., Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984); *Dean v. Shirer*, 547 F.2d 227, 231 (4th Cir. 1976)(a judge may not be attacked for exercising judicial authority even if done improperly); *Green v. North Carolina*, No. 4:08-CV-135-H, 2010 WL 3743767, at *3 (E.D.N.C. Sept. 21, 2010) (claims against North Carolina Superior Court Judge and/or clerk of court within their capacities as judicial officers is barred by doctrine of judicial immunity).

## IV. CONCLUSION

For the reasons stated above, this court ALLOWS plaintiff's application to proceed *in*

8

*forma pauperis*. In addition, this court RECOMMENDS that the underlying complaint be DISMISSED for failing to state a claim for which relief may be granted.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

SO ORDERED, this the 21st day of April, 2011.

Robert B. Jones, Jr.
United States Magistrate Judge