IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CV-148-FL

| | |
|---|---|
| DAVID R. CORBIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| CHIEF JUSTICE LYNN JOHNSON; ) | |
| CHIEF JUSTICE ELIZABETH KEEVER; ) | |
| JUDGE KIMBERLY TUCKER; JUDGE ) | |
| ABRAHAM JONES; ELLEN HANCOCK; ) | |
| and DAWN DRIGGERS, ) | |
| ) | |
| Defendants. ) | |

This matter comes before the court for frivolity review pursuant to 28 U.S.C. § 1915(e), with benefit of memorandum and recommendation ("M&R") entered by United States Magistrate Judge Robert B. Jones on April 21, 2011 (DE # 5). The magistrate judge recommends that the court dismiss plaintiff's claims as frivolous. Plaintiff timely objected to that recommendation.

The court is required to dismiss actions brought *in forma pauperis* where the plaintiff has failed to state a cognizable claim or seeks to obtain monetary damages from individuals immune from recovery. See 28 U.S.C. § 1915(e)(2)(B). The magistrate judge concluded that plaintiff's proposed complaint does not contain any legally cognizable claim. Plaintiff identifies no federally guaranteed right that was abridged by defendants, as required for an action under 42 U.S.C. § 1983, and he inappropriately invokes as an additional ground for relief a federal criminal law which does not provide a private civil right of action. See Johnson v. Thomas, 2011 WL 1344008, at *5

(E.D.N.C. Apr. 8, 2011). The magistrate judge also noted that the four state court judges named as defendants enjoy absolute judicial immunity under the facts alleged in the complaint. See generally Dean v. Shirer, 547 F.2d 227, 231 (4th Cir. 1976).

Plaintiff's objections do not address the magistrate judge's rationale for recommending dismissal. Instead, plaintiff's filing consists of little more than a rehash of the allegations in his complaint coupled with some documentary evidence in support thereof, including a surveillance video of what appears to be an altercation outside a courtroom. The court has reviewed this evidence, but finds nothing in it that would call into question the magistrate judge's thorough and thoughtful analysis.

The court will not perform a *de novo* review where plaintiff makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Here, upon careful review of the record, the court find no error in the magistrate judge's analysis and ADOPTS the findings and recommendations of the magistrate judge as its own. Accordingly, plaintiff's complaint is DISMISSED pursuant to § 1915(e). The Clerk of Court is directed to close this case.

SO ORDERED, this the 17^L day of May, 2011.

LOUISE W. FLANAGAN
Chief United States District Court Judge